**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 99-4597

CHARLES EDWARD MCMILLON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                                    No. 99-4598
LESTER RAY MCMILLON, a/k/a Baby
Ray McMillon,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-98-105-BO)

Submitted: April 28, 2000

Decided: May 16, 2000

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Douglas McCullough, STUBBS & PERDUE, P.A., Raleigh, North Carolina; Mark E. Edwards, Durham, North Carolina, for Appellants. John Samuel Bowler, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles McMillon ("Charles") and Lester Ray McMillon ("Lester Ray") appeal from their convictions and sentences for possession with the intent to distribute crack cocaine, 21 U.S.C.§ 841(a) (1994), and conspiracy to possess with the intent to distribute and to distribute crack cocaine, 21 U.S.C. § 846 (1994). Their attorneys have filed briefs in accordance with Anders v. California , 386 U.S. 738 (1967). Counsel state that there are no meritorious grounds for appeal but address the following issues: (1) whether the district court erred in granting the Government's motion for sequestration; (2) whether the Government violated the Jencks Act, 18 U.S.C. § 3500 (1994); and (3) whether the court erred when it permitted the jury to view a transcript of a tape recording of a controlled purchase of drugs that identified Lester Ray as one of the speakers.

Charles and Lester Ray filed pro se briefs claiming that: (1) the Government knowingly used perjured testimony; (2) the Government's witnesses were not credible because they were housed in the same correctional institution prior to trial and because they had a motive to lie; (3) Charles' counsel failed to confer with him prior to stipulating that the drugs that were purchased during the controlled buys were crack cocaine; (4) there was insufficient evidence of an agreement between the Appellants to conspire to possess with the

2

intent to distribute and to distribute crack cocaine; and (5) the court erred when it did not, in the absence of any defense request, give an entrapment instruction regarding Lois Hodge's controlled purchases that were made in 1997 and 1998 at the direction of the drug task-force.

Because our review of the record reveals no reversible error, we affirm. We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. This court requires that each counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. A motion for leave to withdraw must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3